IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MAILERS UNION LOCAL M-29, affiliated with COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>THE WASHINGTON POST,<br><br>Defendant. | CIVIL ACTION NO. 1:07-cv-01851<br>Assigned To Judge Henry H. Kennedy<br>Assignment Date: 10/15/07<br>Description: Labor-ERISA |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant WP Company, LLC d/b/a The Washington Post ("The Post"), hereby answers the Complaint filed on behalf of the Washington Mailers Union Local M-29, affiliated with the Communications Workers of America, AFL-CIO ("The Union"), as follows:

### FIRST DEFENSE

1. The Post admits that, through this action, the Union seeks to compel arbitration of a grievance that it filed against The Post. The Post denies all other allegations and legal conclusions contained in Paragraph 1 of the Complaint.

2. The Post admits the allegations contained in Paragraph 2 of the Complaint.

3. The Post admits the allegations contained in Paragraph 3 of the Complaint.

4. The Post admits that it publishes a newspaper and is a wholly owned subsidiary of The Washington Post Company, a corporation organized under the laws of the State of Delaware. The Post also admits that its principal offices are at 1150 15th Street, N.W., Washington, D.C. The Post denies all other allegations and legal conclusions contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint asserts a legal conclusion to which no responsive pleading is required. If a responsive pleading is deemed required, The Post denies the allegations and legal conclusions contained in Paragraph 5.

6.      Paragraph 6 of the Complaint asserts a legal conclusion to which no responsive pleading is required. If a responsive pleading is deemed required, The Post denies the allegations and legal conclusions contained in Paragraph 6.

7.      The Post admits that the Union is the exclusive bargaining representative for certain employees performing work in The Post's Mailrooms at its Maryland and Virginia facilities. The Post denies all other allegations and legal conclusions contained in Paragraph 7 of the Complaint.

8.      The Post admits that the most recent collective bargaining agreement between The Post and the Union was effective from May 18, 1998 through May 18, 2003, and that the parties have negotiated over a new collective bargaining agreement. The Post denies all other allegations and legal conclusions contained in Paragraph 8 of the Complaint.

9.      The Post admits that Section 5 of the parties' collective bargaining agreement dated May 18, 1998 through May 18, 2003 had a grievance and arbitration procedure that applied during the contract's term "[w]henever there is a disagreement involving an alleged violation of a specific provision of this Agreement." The Post denies all other allegations and legal conclusions contained in Paragraph 9 of the Complaint.

10.     The Post admits that the grievance and arbitration provision of the expired collective bargaining agreement provided that "[w]ithin ten working days of the filing of any grievance . . . the grieving party may refer the grievance to the Joint Standing Committee." The

Post denies all other allegations and legal conclusions contained in Paragraph 10 of the Complaint.

11. The Post admits that the grievance and arbitration provision of the expired collective bargaining agreement provided that, "[i]f no decision is reached at the Joint Standing Committee meeting, the grieving party may, within ten working days of the Committee's meeting, provide a written demand for arbitration (by a single arbitrator) to the other party." The Post also admits that this provision provided that "[t]he decision of the arbitrator shall be final and binding, it being understood and agreed, however, that neither party waives any legal rights it may have." The Post denies all other allegations and legal conclusions contained in Paragraph 11 of the Complaint.

12. The Post admits that Section 11(a) of the expired collective bargaining agreement provided that "[t]he Publisher may discharge for just cause and to decrease the work force, as provided in paragraph (b) hereof." The Post also admits that Section 11(a) provided that "[r]eprimands and disciplinary actions without loss of pay shall be subject to the grievance procedure but shall not be arbitrable; other disciplinary actions shall be grievable and arbitrable." The Post denies all other allegations and legal conclusions contained in Paragraph 12 of the Complaint.

13. The Post admits that a "Memorandum of Agreement between The Washington Post and Washington Mailers Union No. 29" (hereinafter "Job Guarantee Agreement") was attached to the expired collective bargaining agreement. The Post denies all other allegations and legal conclusions contained in paragraph 13 of the Complaint.

14. The Post admits that the Job Guarantee Agreement provided that "[t]his Agreement is in consideration of the deletion of the 'Manning Letter' and the agreement that the

Office shall have the right to determine the number of employees to be assigned to any work station, work operation, or any equipment (current, modified, or new equipment), reflected in said collective bargaining agreement."

15. The Post admits that the Job Guarantee Agreement included, among other things, the language quoted in Paragraph 15 of the Complaint.

16. The Post admits that the Job Guarantee Agreement included, among other things, the language quoted in Paragraph 16 of the Complaint.

17. The Post admits the allegations contained in Paragraph 17 of the Complaint.

18. The Post admits that it hired Fox as a substitute employee on November 21, 1978 and that his Union priority date is February 4, 1979. The Post denies all other allegations and legal conclusions contained in Paragraph 18 of the Complaint.

19. The Post admits the allegations contained in Paragraph 19 of the Complaint.

20. The Post admits that the parties refer to a "situation" as a full-time, 35-hour-per-week schedule, and that a "situation holder" is a person who has a situation. The Post denies any other allegations and legal conclusions contained in Paragraph 20 of the Complaint.

21. The Post admits the allegations contained in Paragraph 21 of the Complaint.

22. The Post admits that, on March 12, 2007, it issued Mr. Fox a letter documenting a three-day suspension, without pay, for inappropriate conduct, and that this three-day suspension began on March 11, 2007. The Post denies any other allegations and legal conclusions contained in Paragraph 22 of the Complaint.

23. The Post admits that the Union filed a grievance over Fox's suspension on March 19, 2007. The Post denies any other allegations and legal conclusions contained in Paragraph 23 of the Complaint.

24.     The Post admits the allegations contained in Paragraph 24 of the Complaint.

25.     The Post admits the allegations contained in Paragraph 25 of the Complaint.

26.     The Post admits the allegations contained in Paragraph 26 of the Complaint.

27.     The Post admits that on July 6, 2007, The Post informed the Union that The Post saw "no reason to select an arbitrator to hear a three-day suspension that is not subject to arbitration," and that the Post has not agreed to arbitrate the Union's grievance.  The Post denies any other allegations and legal conclusions contained in Paragraph 27 of the Complaint.

28.     The Post denies the allegations and legal conclusions contained in Paragraph 28 of the Complaint.

29.     The Post denies the allegations and legal conclusions contained in Paragraph 29 of the Complaint.

30.     The Post denies the allegations and legal conclusions contained in Paragraph 30 of the Complaint.

31.     The Post denies the allegations and legal conclusions contained in Paragraph 31 of the Complaint.

32.     The Post denies the allegations and legal conclusions contained in Paragraph 32 of the Complaint.

33.     The Post denies that the Union is entitled to the relief requested in the WHEREFORE clauses, including subparagraphs (1) and (2), following Paragraph 32 of the complaint, or to any relief whatsoever.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over the Complaint.

## FOURTH DEFENSE

The Union's grievance is not arbitrable because the grievance and arbitration provision in the most recent collective bargaining agreement between the Union and The Post expired on May 18, 2003.

## FIFTH DEFENSE

The Post expressly reserves the right to raise any additional affirmative defenses that may be developed during discovery.

WHEREFORE, The Post requests that the Complaint be dismissed, that the Union be denied any remedy or relief, and that The Post be awarded its attorneys' fees and costs.

Dated: November 5, 2007                             Respectfully submitted,

/s/ Jacqueline M. Holmes
Jacqueline M. Holmes  (DCB #450357)
Shay Dvoretzky (admission pending)
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:   (202) 879-3939
Facsimile:    (202) 626-1700

Attorneys for Defendant
WP COMPANY LLC, d/b/a
THE WASHINGTON POST

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, I electronically filed Defendant The Washington Post's Answer to Complaint and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, and served on the following through the means indicated:

>Nicholas M. Manicone, Esq.
>Communications Workers of America,
>AFL-CIO
>501 Third Street, N.W.
>Suite 800
>Washington, DC  20001-2797
>(via hand delivery)
>
>Richard Rosenblatt, Esq.
>Richard Rosenblatt &
>Associates, LLC
>8085 East Prentice Avenue
>Greenwood Village, CO  80111
>(via overnight courier and e-mail)

/s/ Jacqueline M. Holmes