IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MAILERS UNION LOCAL M-29, affiliated with COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>THE WASHINGTON POST,<br><br>Defendant. | CIVIL ACTION NO. 07-1851 (HHK) |

## THE PARTIES' REPORT FOR SCHEDULING ORDER

Pursuant to this Court's November 7, 2007 Order, and Local Rule 16.3 of the Rules of Practice for the United States District Court for the District of Columbia, the parties, through their undersigned counsel, hereby respectfully submit the following report for scheduling order:

**1.      Brief Statement of the Case and Statutory Basis for All Causes of Action**

On October 15, 2007, Plaintiff the Washington Mailers Union Local M-29, affilated with Communications Workers of America, AFL-CIO ("Union") filed a complaint seeking to require Defendant The Washington Post ("The Post") to arbitrate a grievance pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301"). On November 5, 2007, The Post filed its Answer and Affirmative Defenses, which asserts that The Post is not required to arbitrate the Union's grievance because the applicable collective bargaining agreement has expired, and further asserts that this Court lacks subject matter jurisdiction under Section 301 for the same reason.

2.   **Rule 16.3(c) matters**

    (1)   **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties believe that the issues in this case may be resolved by dispositive motions at the conclusion of discovery, and presently plan to file cross-motions for summary judgment after the close of discovery.

    (2)   **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties shall be joined, and pleadings amended, by January 7, 2008.

    (3)   **Whether the case should be assigned to a magistrate judge for all purposes.**

The parties do not seek appointment of a magistrate judge.

    (4)   **Whether there is a realistic possibility of settling this case.**

The parties do not believe that this matter will be resolved by voluntary settlement.

    (5)   **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.**

The parties do not believe that this matter could benefit from participation in the Court's alternative dispute resolution procedures.

    (6)   **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that this matter will likely be resolved by cross motions for summary judgment filed after the close of discovery. The parties' proposed scheduling order, attached hereto, proposes that summary judgment motions be filed on or before May 15, 2008.

(7) **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties have agreed to dispense with the initial disclosures usually required by Federal Rule of Civil Procedure 26(a)(1).

(8) **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery will consist of written interrogatories, requests for production of documents, requests for admissions, and depositions within the limits provided for by the Federal Rules of Civil Procedure and the Local Rules governing practice before this Court. The attached proposed discovery schedule proposes a deadline of April 1, 2008 for the completion of all discovery.

(9) **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not anticipate using expert testimony at this time. Should this change, the parties shall negotiate a reasonable schedule for expert disclosures and submit that schedule to the Court for approval.

(10) **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This matter has not been brought as a class action.

(11) **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this point, the parties agree that bifurcation of discovery and trial is unnecessary.

(12) **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties' propose that the pretrial conference occur within 14 days after the Court's ruling on any dispositive motions.

(13) **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a trial date be set at the pretrial conference.

(14) **Other Matters Appropriate for Consideration**

At this time, the parties have no other matters for the Court's consideration.

Dated: November 27, 2007

Respectfully submitted,

| _____/s/_____ | _____/s/_____ |
|---|---|
| Richard Rosenblatt | Jacqueline M. Holmes (D.C. Bar No. 450357) |
| Richard Rosenblatt & Associates, L.L.C. | Shay Dvoretzky (admission pending) |
| 8085 East Prentice Avenue | JONES DAY |
| Greenwood Village, Colorado 80111-2705 | 51 Louisiana Avenue, N.W. |
| Telephone: (303) 721-7399 | Washington, D.C. 20001-2113 |
| Facsimile: (303) 771-7198 | Telephone: (202) 879-3939 |
| | Facsimile: (202) 626-1700 |

Nicolas M. Manicone (D.C. Bar No. 461171)
501 Third Street, NW
Suite 800
Washington, DC 20001
Telephone: (202) 434-1321
Facsimile: (202) 434-1464

Attorneys for Plaintiff                                           Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MAILERS UNION LOCAL M-29, affiliated with COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>THE WASHINGTON POST,<br><br>Defendant. | CIVIL ACTION NO. 07-1851 (HHK) |

## PROPOSED SCHEDULING ORDER

The parties hereby respectfully propose that the following schedule govern this matter:

| | |
|---|---|
| Joinder of Parties/Amendment of Pleadings | January 7, 2008 |
| Close of Fact Discovery: | April 1, 2008 |
| Dispositive Motions Due: | May 15, 2008 |
| Opposition to Dispositive Motions Due: | June 15, 2008 |
| Final Pretrial Conference: | To be held within 14 days after Ruling on dispositive motion(s). |

SO ORDERED:

_____
The Honorable Henry H. Kennedy